# Giles *v.* Teasley *et al.*, Board of Registrars, etc.

*Action for Damages against Board of Registrars for Failure to register Applicant.*

1. *Constitution of 1901; board of registrars not liable for damages· if section providing for registration repugnant to constitution of United States.*—If the section of the constitution of 1901 providing for the registration of electors in the State of Alabama, (Constitution of 1901, Art. VIII, § 186), is void because repugnant to the XIV and XV amendments of the Constitution of the United States, the Board of Registrars is without authority to register an applicant as a voter; and their refusal to do so can not, therefore, be made a predicate for the recovery of damages against the Board of Registrars for failure to register such applicant.

2. *Same; board of registrars not liable for damages for refusing to register applicant.*—In the exercise by the board of registrars of the authority conferred upon them by the constitution of 1901, in determining the qualification of electors in the State of Alabama, and of the right to be registered as a voter, (Constitution, 1901, Art. VIII, §§ 180-188), such board of registrars act in a judicial capacity; and for their judicial determination that an applicant for registration does not possess the requisite qualifications of an elector, and their consequent refusal to register him, they are not liable for damages.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The action in this case was brought by the appellant, Jackson W. Giles, against the appellees, Chas. B. Teasled, E. J. Harris and Wm. A. Gunter, Jr., the Board of Registrars of Montgomery county; and sought to recover $5,000 damages, for that the defendant willfully and wrongfully refused to register the plaintiff and issue to him a certificate of qualification as an elector in the State of Alabama, under the Constitution of 1901 and the laws

of said State. It is averred in the complaint that this refusal was based upon no other reason than that the plaintiff was a negro and of African descent, and was, by reason of his race, color and previous condition of servitude, not qualified to be registered as a voter. It was further averred in said complaint that the provisions of the Constitution of 1901 which relate to the electors in the State of Alabama were unconstitutional and void as being in violation of the XIV and XV amendments of the Constitution of the United States. To this complaint defendants demurred upon the ground that it appears in said complaint that the defendants were in the performance of the several acts complained of acting judicially and within their jurisdiction as the board of registrars for Montgomery county, and that no action, such as the plaintiff has brought, lies against them at law for anything done by them within their jurisdiction as such registrars. This demurrer was sustained and the plaintiff declining to amend his complaint or plead further, judgment was rendered for the defendant and the case was dismissed. The present appeal is from said judgment.

WILFORD H. SMITH, for appellant, cited Cooley on Constitutional Limitations, (3d ed.) 65; *Kow v. Newman*, 5 Sawyer (U. S.) 553; *Yick Wo. v. Hopkins*, 118 U. S. 356; *Neal v. Delaware*, 103 U. S.370; *Carter v. Texas*, 177 U. S. 442; *Davies v. McKeeby*, 5 Nev. 369.

GUNTER & GUNTER, *contra*.

TYSON, J.— If we accept (without deciding) as correct the insistence laid in appellant's brief that section 186 of Article VIII of the Constitution of 1901 is void because repugnant to the 14th and 15th amendments of the Constitution of the United States, then the defendants were wholly without authority to register the plaintiff as a voter and their refusal to do so cannot be made the predicate for a recovery of damages against them.

On the other hand, if that section is the source of their authority, the jurisdiction is expressly conferred

by it upon the defendants as a board of registrars to determine the qualifications of plaintiff as an elector and of his right to register as a voter. For their judicial determination that plaintiff did not possess the requisite qualifications of an elector, and their judicial act of refusing to register him predicated upon that determination, they are not liable in this action.—17 Am. & Eng. Ency. Law (2d ed.), pp. 727, 728 and notes.

Affirmed.